Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.

250 Park Avenue, 7th Floor
New York, New York 10177
Telephone: (212)300-5358
Facsimile: (347) 218-9478

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOHN EMANUELE,

                Plaintiff,

     v.

ICONIC EYE CARE, INC.,

                Defendant,
-------------------------------------------------------------x

Index No.: 17-cv-4888

**COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

      Plaintiff JOHN EMANUELE, by and through his attorneys at GARBARINI FITZGERALD P.C., brings this Complaint and Jury Demand against defendant ICONIC EYE CARE, INC. based on its intentional infringement of plaintiff's copyrighted musical work "*Epic Loop*" which appears on the album *Filmmusik 1*, U.S. Copyright Registration SR 677-965 (the "Copyrighted Composition"), pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101 et seq. (the "Copyright Act" or "Act").

## PARTIES

      1.    At all times material hereto, plaintiff JOHN EMANUELE was, and is, an individual residing at 75-10 197th Street, Flushing, New York. EMANUELE produces recordings as a solo artist under the name *Zero Bedroom Apartment*.

      2.    A copy of the certificate issued by the U.S. Copyright Office to plaintiff for

*Filmmusik 1* is annexed hereto as **Exhibit 1.**

3. Defendant ICONIC EYE CARE, INC. ("ICONIC") is a Florida corporation with its principal place of business located at 4871 PGA Boulevard, Palm Beach Gardens, FL 33418. ICONIC's registered agent for service is Adam Ramsey, 4871 PGA Boulevard, Palm Beach Gardens, FL 33418.

## JURISDICTION

4. The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338 in that this controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 et seq.). This action is a civil action over which this court has original jurisdiction.

**Personal Jurisdiction - CPLR § 302(a)(1)**

5. This Court has personal jurisdiction pursuant to CPLR § 302(a)(1).

6. ICONIC regularly solicits business in this Judicial District.

7. ICONIC contracts with New York on a regular basis.

8. Being that defendant transacts business within the state or contracts anywhere to supply goods or services in the state – this Court has jurisdiction pursuant to CPLR § 302 (a)(1).

### This Court Has Jurisdiction Pursuant to CPLR § 302(a)(3)

9. CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

10. ICONIC synchronized, reproduced, and distributed a video synchronizing plaintiff's copyrighted recoding "*Epic Loop*" through YouTube and other internet channels. This is a tort (copyright infringement) committed within the state.

11. The copyright owner resides in this Queens, NY, and the injury was felt in that Judicial District. Defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

**Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (i).**

12. YouTube placed plaintiff's name on each of the Subject Advertisement, and ICONIC expected or should have reasonably expected its acts to have consequences in New York State.

13. Defendant was expressly told there was no license for any use on May 7, 2017, and that it was infringing plaintiff's exclusive rights to the Copyrighted Recording. Defendant acknowledged the notice on May 7, 2017, and replied "John, I have forwarded your email to the business owner. He will get back to you ASAP. Thank you for the email".

14. Defendant was sent a Cease and Desist notice from plaintiff's counsel via email and first class mail on August 2. 2017. Again, defendant refused to respond, and continued to synchronize and distribute plaintiff's Copyrighted Composition without a license.

15. It cannot be disputed defendant committed an intentional tort which it knew would have consequences in this Judicial District.

16. Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (ii).

## **VENUE**

17. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(a).

18. Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

19. Plaintiff's copyrighted recordings were registered prior to the alleged infringement, and satisfy the registration prerequisite under 17 U.S.C. 412(c).

## FACTS

20. On or about May 1, 2017, plaintiff discovered defendant's advertisements titled "The Grand Reveal" on YouTube at https://www.youtube.com/watch?v=sfTzdh3I510, and "How we got started" found at https://www.youtube.com/watch?v=uiQWP65anPE (the "Subject Advertisements").

21. Both of the Subject Advertisements were uploaded by defendant to defendant's personalized YouTube channel.

22. Both of the Subject Advertisements synchronized plaintiff's copyrighted composition "*Epic Loop*" from the start of each Subject Advertisement to the end.

23. Defendant was contacted by email, on May 7, 2017 by plaintiff, and expressly told there was no license for the Subject Advertisements, and defendant was infringing plaintiff's rights to the copyrighted composition. See **Exhibit 2**.

24. Defendant responded by email on May 7, 2017: "John, I have forwarded your email to the business owner. He will get back to you ASAP. Thank you for the email".

25. Defendant made no further response, but elected to continue to distribute the Subject Advertisements through its YouTube channel.

26. Counsel for plaintiff sent defendant a "Cease and Desist" notice by email and first class mail on August 7, 2017. See **Exhibit 3**.

27. Again, defendant refused to stop infringing plaintiff's rights to the Copyrighted Composition.

28. As of the date of this Complaint, both Subject Advertisements are readily accessible, and illegally synchronize plaintiff's Copyrighted Composition.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

29.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

30.     Defendant has, without a synchronization license, synchronized plaintiff's copyrighted recording "*Epic Loop*", to the Subject Advertisements.

31.     Defendant, without license or authority, reproduced and distributed the Subject Advertisements through its YouTube channel.

32.     It cannot be disputed plaintiff has a valid, registered copyright, for "*Epic Loop*", and that defendant has synchronized, reproduced, and distributed plaintiff's copyrighted recordings without a license, thus infringing plaintiff's rights under the Copyright Act.

33.     Irreparable injury is presumed here as plaintiff has established a prima facie case of copyright infringement.

34.     Even after defendant was put on notice of the infringement over three months before the date of this Complaint; it elected to continue to synchronize, reproduce, distribute, and publicly perform the Copyrighted Recording.

35.     The synchronization, reproduction, and/or distribution, of the Copyrighted Recording was clearly intentional within the meaning of 17 U.S.C. § 504(c)(2) for the purposes of enhancing statutory damages.

36.     Defendant's knowledge may be inferred from its conduct as well as its reckless disregard of plaintiff's rights (rather than actual knowledge of infringement), which suffices to warrant an award of the enhanced damages.

37.     As a direct and proximate result of defendant's infringement, plaintiff has incurred actual damages in the form of lost licensing fees and the devaluation of its brand due to

the forced association with defendant.

38.   Plaintiff may recover its actual damages, and defendant's profit to be determined at trial. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

39.   Plaintiff also seeks its attorneys' fees and costs, as well as pre-post judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully prays this Court enter an order awarding plaintiff:

1)   restitution of defendant's unlawful proceeds, including defendant's gross profits;

2)   compensatory damages to plaintiff in an amount to be ascertained at trial;

3)   one statutory damage award, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), and 504(c)(2)) at plaintiff's election;

4)   plaintiff's reasonable attorneys' fees and costs (17 U.S.C. § 505);

5)   pre- and post-judgment interest to the extent allowable; and,

6)   such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: August 20, 2017

GARBARINI FITZGERALD P.C.

By: _____
Richard M. Garbarini